[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPRESS
Hartford police arrested the defendant on December 14, 1995, charging her with interference with a search in violation of General Statutes § 54-33d and numerous violations of the narcotics laws. Presently before the court is the defendant's motion to suppress evidence of contraband seized during a search of her person at the time of her arrest. The court finds the issues in favor of the state. CT Page 13208
It is undisputed that the search that yielded the contraband was accomplished without a warrant to arrest the defendant or to search her person. The state claims that the search was nonetheless valid because it was incident to the lawful arrest of the defendant. In such cases, the state has the burden of establishing the lawfulness of the arrest. The arrest was on a charge of interfering with the execution of a warrant to search the premises at 106 C Stonington Street in Hartford. It is, therefore, necessary to determine whether the police had probable cause to arrest the defendant on the interference with a search charge.
The court conducted an evidentiary hearing on the defendant's motion. Three Hartford police officers, who conducted the search of the apartment and arrested the defendant, testified. The defendant and two of her daughters also testified. The court also received other evidence. The court invited the parties to submit post-hearing briefs, and the state has done so. The defendant has not submitted a brief.
The principal factual issue in dispute is whether the defendant attempted to flee the apartment when the police arrived, as the state contends, or whether she was already outside, innocently shoveling snow, when the police apprehended her.
The defendant had been previously convicted of a felony in 1993. With respect to the events of the day when she was arrested in the present case, her testimony was often vague, and she gave many contradictory answers on cross-examination. She did not recall whether she was under the influence of narcotics at the time she was arrested. She admitted that she is forgetful and that she remembered only "a little bit" of what happened that day. Furthermore, in the court's view, it is hardly plausible that a forty-eight year old grandmother, before leaving her daughter's house to walk several blocks in the dark on a winter night to her own home, would linger to shovel snow while the daughter chatted on the telephone inside. By contrast, the testimony of the police officers was consistent and plausible on all material points. The court finds that testimony to the more credible.
Based on the evidence adduced at the hearing, the court finds the following facts. On December 14, 1995, the Hartford police had a valid warrant to search the premises at 106 C Stonington CT Page 13209 Street. This is an apartment occupied by Lucy Sanchez and Sanchez's child. Sanchez is the defendant's daughter. The defendant lives several blocks away on Grandview Terrace.
The police arrived at Sanchez's apartment at about 6:30 P.M. Officer Sheldon was sent to the rear of the building to prevent anyone from leaving. Officers Cronin and Beaudin knocked on the front door and yelled "Police, Search Warrant!" There was no immediate response, so the officers battered down the door and entered the apartment.
Once inside, Officer Cronin saw two women, one of whom was running out the back door. He yelled, "Police — Stop!" But that woman, who proved to be the defendant, kept going.
Officer Sheldon, meanwhile, was at the rear of the building. He saw the defendant emerge, the door closing behind her. At the same time, he heard the other officers yelling. Sheldon immediately apprehended and handcuffed the defendant, patted her down and took her back into the apartment. At that point, Sheldon arrested the defendant on the charge of interfering with the search of the premises in violation of § 54-33d. Officer Beaudin, who is female, then searched the defendant's person and discovered illegal drugs in her pockets. This caused the police to expand the arrest to include the drug charges.
General Statutes § 54-33d provides, in relevant part, as follows:
 Any person who forcibly assaults, resists, opposes, impedes, intimidates or interferes with any person authorized to serve or execute search warrants or to make searches and seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties shall be (guilty).
If the police were justified in detaining the defendant, even temporarily, in the course of executing the search warrant, her attempt to evade such detention by fleeing the premises would constitute forcible — that is, physical — interference with the police while engaged in the course of their duties. CT Page 13210
In State v. Torres, 197 Conn. 620 (1985), our Supreme Court determined that the police had limited authority to detain a visitor at premises subject to a search by warrant if they had a reasonable and articulable suspicion that the visitor might be involved in criminal activity, citing Terry v. Ohio, 392 U.S. 1
(1968).
In the present case, as in Torres, the application for the search warrant, which was admitted in evidence in the hearing on this motion, indicates that the police had probable cause to believe that the premises were the site of illegal drug sales and that they would find illegal drugs there during the search. Under such circumstances, it was reasonable to suspect that any person who was in the premises at the time of the search might be engaged in criminal activity. State v. Torres, supra, 625-626. Such suspicion is sufficient to justify at least a brief investigative detention of the person. Id. The defendant's attempt to flee and refusal to stop on command reasonably increased their suspicion in this case. Indeed, both Officers Cronin and Sheldon testified that they suspected that the defendant was attempting to abscond with evidence of illegal drugs.
In summary, the defendant's presence in an apartment which the police reasonably believed to be the scene of recent illegal drug sales provided a reasonable basis for their suspicion that she was engaged in criminal activity, thereby justifying at least a brief investigative detention pursuant to the Terry doctrine. Her attempt to flee, disobeying the command to stop, under these circumstances, provided probable cause for the defendant's arrest on the charge of interfering with the search in violation of § 54-33d.
Since the police had probable cause to arrest the defendant, their search of her person incident to that arrest was justified.
The defendant's motion to suppress is denied.
MALONEY, J.