## KEITH HORNAK *v.* WARDEN, STATE PRISON

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 284881
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed February 1, 1985

*James L. Radda,* for the plaintiff.
*Richard F. Jacobson,* for the defendant.

ASPELL, J. This matter is before the court on Keith Hornak's petition for habeas corpus. The plaintiff entered pleas of guilty on February 14, 1983, to two counts of robbery, one count of assault, and one count of failure to appear. He was sentenced by the court to a definite term of incarceration of four years pursuant to the agreed recommendation between his counsel and the state. The plaintiff alleges that his guilty pleas resulted in part from the advice of his counsel, that, if sentenced pursuant to the agreed recommendation, the plaintiff would be entitled to request a reduction of that sentence during the period of the sentence. General Statutes § 53a-39, however, which was amended six months prior to the plaintiff's pleas, prohibits the reduction of any definite sentence exceeding three

years. The plaintiff now claims that his guilty pleas resulted from inadequate and ineffective assistance of counsel and that his present imprisonment is illegal. He now requests the court to issue a writ of habeas corpus subject to the state's right to retry him; or, that his effective sentence be reduced to three years so as to give the court jurisdiction to hear any motion for modification of his sentence. This would entail an order reducing from four years to three years the sentence given by the court on the first and second counts of robbery in the second degree.

It is established that the imposition of a sentence may have a number of collateral consequences, and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is not informed of all the possible indirect and collateral consequences, such as parole eligibility. *Strader* v. *Garrison,* 611 F.2d 61, 63 (4th Cir. 1979); see *Bell* v. *North Carolina,* 576 F.2d 564 (4th Cir. 1978); *Bell* v. *United States,* 521 F.2d 713 (4th Cir. 1975). When, however, a defendant is grossly misadvised, even as to a collateral consequence of a guilty plea, and he relies upon the misinformation, he is deprived of the right to counsel and his plea is deemed involuntary and unintelligent. *O'Tuel* v. *Osborne,* 706 F.2d 498 (4th Cir. 1983); *Strader* v. *Garrison,* supra, 65. The courts which have addressed this issue have not developed a precise definition of "gross misadvice" or the necessary degree of a defendant's reliance on the misadvice which would render the plea involuntary or unintelligent.

Although there is a division of authority on what constitutes gross misadvice, there are two decisions of the United States Court of Appeals for the Fourth Circuit which offer guidance on this issue. *O'Tuel* v. *Osborne,* supra; *Strader* v. *Garrison,* supra. In *Strader,* an attorney misadvised the defendant on the effect of a new sentence, which was to run concurrent with a former

sentence, upon the defendant's parole eligibility. The court held that the defendant's parole eligibility date was of great importance to him and that he would not have entered his guilty plea if he had been correctly advised. *Strader* v. *Garrison,* supra, 63. In *O'Tuel,* the defendant was told by his attorney that, if he pleaded guilty to second degree murder, he could be eligible for parole after serving ten years, whereas he would actually be required to serve twenty years. *O'Tuel* v. *Osborne,* supra, 499. The court found that even if the defendant's primary consideration for a plea of guilty to second degree murder was to avoid the very likely consequence of the death penalty, this did not lessen the effect of the defendant's concern with his parole eligibility. Id. Thus, it appears from these decisions that when actual misadvice on the relevant law is given and the defendant relies on it in reaching his decision to enter a guilty plea, then he has been deprived of his sixth amendment right to counsel.

Two recent cases indicate what is *not* considered "gross misadvice." In *Little* v. *Allsbrook,* 731 F.2d 238 (4th Cir. 1984), the defendant's attorney advised him that he might receive a sentence "somewhere between twenty and thirty years" and that the defendant would become eligible for parole in five years. Id., 240. The court distinguished *Strader* and *O'Tuel* by reasoning that the defendants in both of those cases knew what sentences to expect from their pleas. Id., 241. It stated that "their attorneys could have researched the applicable law and advised them correctly as to parole eligibility." Id. An attorney's "bad guess" as to the sentencing of the defendant did not justify the withdrawal of the guilty plea. Id.; see also *Seiller* v. *United States,* 544 F.2d 554, 568 (2d Cir. 1975).

In *Hill* v. *Lockhart,* 731 F.2d 568 (8th Cir. 1984), a petitioner alleged that his counsel advised him that he would be eligible for parole after serving one-third of

his sentence, less good time, which would be approximately six years. Id., 570. The attorney, however, failed to inform him of an act which required a second offender to serve one-half of his term, less good time, which would be approximately nine years. Id. That court also distinguished the decisions in *Strader* and *O'Tuel* as ones involving gross misinformation. In dicta, the court noted that although *Strader* and *O'Tuel* did not define gross misinformation, it was evident that the "major miscalculation" in years was material to the individual in question rather than the reason for miscalculation. Id., 571–72 n.4.

In this action, the plaintiff claims that but for his lawyer's assurance that he would be entitled to request a sentence reduction, he would not have pleaded guilty. It appears from the two letters written by the plaintiff's counsel to him that counsel believed that the plaintiff could request a sentence reduction. General Statutes (Rev. to 1983) § 53a-39, amended six months prior to the plaintiff's guilty plea, provides, however: "At any time during the period of a definite sentence *of three years or less,* the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been originally sentenced." (Emphasis added.) Thus, the plaintiff, sentenced to a definite sentence of four years, was not entitled to request a sentence reduction.

The state argues that although the plaintiff was excluded under the ameliorative terms of § 53a-39 at the time of his disposition, his right to request a sentence reduction was still protected under Practice Book § 934. Section 934 was amended effective October 1, 1983, to mirror the statutory language of § 53a-39. The issue arises, therefore, whether the Practice Book or the General Statutes would govern the plaintiff's sentence reduction rights.

It is established that "courts have an inherent power, independent of statutory authorization, to prescribe rules to regulate their proceedings and facilitate the administration of justice as they deem necessary." *State* v. *King,* 187 Conn. 292, 297, 445 A.2d 901 (1982), quoting *State* v. *Clemente,* 166 Conn. 501, 514, 353 A.2d 723 (1974). However, "[s]uch rules shall not abridge, enlarge or modify any substantive right." *State* v. *King,* supra, quoting General Statutes § 51-14 (a). "Just as the general assembly lacks the power to enact rules governing procedure that is exclusively within the power of the courts; so do the courts lack the power to promulgate rules governing substantive rights." *State* v. *King,* supra. The broad division between the power of the courts and the power of the legislature has been described as follows: " 'It is the province of the legislative department to define rights and prescribe remedies: of the judicial to construe legislative enactments, determine the rights secured thereby, and apply the remedies prescribed.' " *State* v. *Clemente,* supra, 509–510. In the present action, the state concedes the nature of these provisions are ameliorative and govern the plaintiff's reduction "rights." Therefore, the court finds that General Statutes § 53a-39 would govern this situation as it prescribes a remedy for the accused.

It is the opinion of this court, however, that the misinformation given to the plaintiff does not constitute "gross misadvice" under the standards of the cases discussed as it did not result in the plaintiff's serving a substantially longer sentence. See *Hill* v. *Lockhart,* 731 F.2d 568 (8th Cir. 1984); *O'Tuel* v. *Osborne,* 706 F.2d 498 (4th Cir. 1983); *Strader* v. *Garrison,* 611 F.2d 61 (4th Cir. 1979). Moreover, it was apparent from the testimony at the habeas hearing and from the exhibits attached to the petition that counsel made the plaintiff aware of the unlikelihood that his sentence would

be reduced by the court. Therefore, it is the opinion of this court that the plaintiff failed to establish that counsel's advice was a primary factor or concern in entering his guilty plea. See *Strader* v. *Garrison,* supra; cf. *O'Tuel,* v. *Osborne,* supra.

Accordingly, the petition for habeas corpus is dismissed.