STATE OF CONNECTICUT *v.* MAUREEN GILNITE
(12859)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and NOVACK, Js.

Argued November 6, 1986—decision released February 24, 1987

*Vincent J. Giedraitis,* public defender, for the appellant (defendant).

*Patricia A. Swords,* assistant state's attorney, for the appellee (state).

NOVACK, J. The defendant, Maureen Gilnite, was convicted upon a plea of nolo contendere of being a persistent larceny offender. She appealed to the Appellate Court claiming, inter alia, that the trial court had erred in denying her motion to dismiss this charge. The Appellate Court held that she had waived her right to appeal the trial court's determination by pleading nolo contendere. Upon the granting of certification, the defendant appealed and now claims that the Appellate Court erred in deciding, sua sponte, that she had waived her right to appeal by pleading nolo contendere, because she had entered her nolo contendere plea conditional upon the right to appeal the trial court's denial of her motion to dismiss. The defendant also contends that if her plea was not conditional upon her right to appeal, the plea was not made knowingly, voluntarily

and intelligently. Finally, the defendant claims that the trial court erred in denying her motion to dismiss the persistent larceny offender charge against her. We find no error and therefore affirm the Appellate Court's judgment.

The following facts surrounding the defendant's plea are not in dispute. On December 3, 1983, the defendant was issued a misdemeanor summons, stemming from an incident which occurred at a Mansfield department store earlier that evening, charging her with larceny in the sixth degree in violation of General Statutes § 53a-125b.[1] The defendant pleaded not guilty to the charge and elected a trial to the jury. Subsequently, the state amended the information to include a second part (part B), charging the defendant with being a persistent larceny offender in violation of General Statutes § 53a-40 (c).[2]

Prior to the commencement of the trial on the charge of larceny in the sixth degree, the state filed a substitute information charging the defendant as an accessory to larceny in the sixth degree, and amended part B of the information to correct the dates of the previous larceny convictions. The defendant entered a plea of not guilty to the charge of committing larceny as an accessory and elected a jury trial. The defendant also moved for a continuance at the time of the plea

[1] "[General Statutes] Sec. 53a-125b. LARCENY IN THE SIXTH DEGREE: CLASS C MISDEMEANOR. (a) A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less.

"(b) Larceny in the sixth degree is a class C misdemeanor."

[2] "[General Statutes] Sec. 53a-40. PERSISTENT OFFENDERS: DEFINITIONS; DEFENSE; AUTHORIZED SENTENCES. . . . (c) A persistent larceny offender is a person who (1) stands convicted of larceny in the the third degree in violation of the provisions of section 53a-124 in effect prior to October 1, 1982, or larceny in the fourth, fifth or sixth degree and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny. . . ."

and election. After the parties had presented argument on whether the continuance should be granted, the state withdrew the substitute information charging the defendant as an accessory, and the defendant stood trial on the original information charging her with larceny in the sixth degree.

The jury returned a verdict of guilty on the larceny charge, and the defendant was then put to plea on part B of the information, the persistent larceny offender charge. She entered a plea of not guilty and elected a trial to the jury. On March 15, 1984, the defendant filed a motion to dismiss the information, arguing that she had not "been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny," and therefore could not be tried as a persistent larceny offender. On March 20, 1984, the parties stipulated that the defendant had entered pleas of guilty to two separate charges of larceny in the sixth degree which occurred on separate occasions, but she was sentenced on both guilty findings at the same time. The trial court then heard arguments on the defendant's motion to dismiss part B of the information, after which the court denied the motion. The defendant withdrew her plea of not guilty and entered a plea of nolo contendere on part B of the information.

The defendant appealed to the Appellate Court claiming that the trial court had made several errors during her trial on the charge of larceny in the sixth degree, and had erred in denying her motion to dismiss the charge of being a persistent larceny offender. After disposing of the defendant's claims of error with respect to her trial, the Appellate Court held that the defendant had waived her right to appeal the denial of her motion to dismiss by pleading nolo contendere to the charge of being a persistent larceny offender; *State* v. *Gilnite,* 4 Conn. App. 676, 682, 496 A.2d 525 (1985); and thus did not address whether the trial court

had erred in denying her motion to dismiss. The defendant, on the granting of certification, appealed to this court.

I

The defendant first claims that the Appellate Court should not have decided that she had waived her right to appeal the trial court's denial of her motion to dismiss. Specifically, the defendant argues that the Appellate Court's holding violated the principles of fundamental fairness and the statutory rules governing appeals because the issue of waiver was never raised before the trial court nor did the parties brief or argue the issue before the Appellate Court.

As we have stated previously, "this court is not limited in its disposition of a case to claims raised by the parties and has frequently acted sua sponte upon grounds of which the parties were not previously apprised." *Greenwood* v. *Greenwood,* 191 Conn. 309, 315, 464 A.2d 771 (1983). Likewise, the Appellate Court has similar discretion in addressing claims not raised by the parties. See Practice Book §§ 2000, 4187 (formerly § 3164). Thus, although neither party briefed or argued the issue of whether the defendant had waived her right to appeal by pleading nolo contendere, the Appellate Court acted well within its discretion in addressing this issue sua sponte.

II

The defendant next claims that, even if the issue of waiver could have been addressed, the Appellate Court erred in concluding that she had waived her right to appeal because she entered her plea of nolo contendere pursuant to General Statutes § 54-94a[3] and thus pre-

---

[3] "[General Statutes] Sec. 54-94a. CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere

served her right to appeal the trial court's decision denying her motion to dismiss. We disagree.

It is well established that an unconditional nolo contendere plea, when intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars later challenges to pretrial proceedings.[4] *State* v. *Madera,* 198 Conn. 92, 97, 503 A.2d 136 (1985); *State* v. *Martin,* 197 Conn. 17, 25, 495 A.2d 1028 (1985). Thus, usually only those issues fully disclosed on the

conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[4] It is also well established that a valid guilty plea waives any objections to nonjurisdictional errors prior to the entry of the plea. J. Bond, Plea Bargaining and the Guilty Plea (2d Ed.) § 7.21. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett* v. *Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); cf. *Parker* v. *North Carolina,* 397 U.S. 790, 90 S. Ct. 1458, 25 L. Ed. 2d 785 (1970); *McMann* v. *Richardson,* 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Brady* v. *United States,* 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

A plea of nolo contendere has virtually the same legal effect as a guilty plea; the only practical difference is that a nolo contendere plea may not be used as an admission in a subsequent criminal or civil case. *State* v. *Martin,* 197 Conn. 17, 20–21 n.7, 495 A.2d 1028 (1985); see *North Carolina* v. *Alford,* 400 U.S. 25, 35–36 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 711–12 n.4, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). It is clear, however, that a nolo contendere plea also constitutes a waiver of all nonjurisdictional defects in the same manner as a guilty plea. *State* v. *Madera,* 198 Conn. 92, 97 n.5, 503 A.2d 136 (1985); cf. *Lott* v. *United States,* 367 U.S. 421, 81 S. Ct. 1563, 6 L. Ed. 2d 940 (1961); W. LaFave & J. Israel, Criminal Procedure (1984) § 20.6 (a) and (b).

record which concern either the court's jurisdiction or the intelligent and voluntary nature of the plea are appealable after a nolo contendere plea has been entered and accepted. *State* v. *Madera,* supra, 98; see, e.g., *State* v. *Badgett,* 200 Conn. 412, 415–20, 512 A.2d 160, cert. denied, 479 U.S.    , 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986); *State* v. *Godek,* 182 Conn. 353, 356, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); cf. *Boykin* v. *Alabama,* 395 U.S. 238, 242–43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

In 1982, the General Assembly altered this implicit waiver rule by enacting Public Acts 1982, No. 82-17 (General Statutes § 54-94a), which provides for a conditional plea of nolo contendere, so that a defendant may now appeal pretrial decisions after entering such a plea. *State* v. *Madera,* supra. Section 54-94a provides that a defendant may enter a plea of nolo contendere conditional upon the right to appeal from a court's denial of a motion to suppress evidence based on an unreasonable search and seizure[5] or from a court's denial of a motion to dismiss. A plea entered pursuant to this section does not constitute a waiver of nonjurisdictional defects in the criminal prosecution of the defendant. General Statutes § 54-94a; see *State* v. *Badgett,* supra, 415; *State* v. *Telesca,* 199 Conn. 591, 597, 508 A.2d 1367 (1986); *State* v. *Torres,* 197 Conn. 620, 621–22, 500 A.2d 1299 (1985).

Because this right to appeal the denial of a motion to dismiss is statutory, it is accorded only if the con-

---

[5] This court has refused to extend the statute to encompass motions to suppress other types of evidence. See *State* v. *Madera,* 198 Conn. 92, 102, 503 A.2d 136 (1985) (motion to suppress confession not within ambit of General Statutes § 54-94a); cf. *State* v. *Chung,* 202 Conn. 39, 43–45, 519 A.2d 1175 (1987) (although motion to suppress confession not within scope of General Statutes § 54-94a, court exercised supervisory authority over administration of justice to review issue).

ditions fixed by the statute are met. *State* v. *Curcio,*
191 Conn. 27, 30, 463 A.2d 566 (1983); *State* v. *Audet,*
170 Conn. 337, 342, 365 A.2d 1082 (1976); see J. Bond,
Plea Bargaining and Guilty Pleas (2d Ed.) § 7.27 (a) (2)
(where state statute prescribes particular procedures
that must be followed before defendant may appeal his
plea, failure to follow those procedures usually pre-
cludes the appeal). General Statutes § 54-94a requires
that the defendant *enter* a plea of nolo contendere *con-
ditional* upon the right to take an appeal from the
court's denial of the defendant's motion to dismiss.
Thus, in order for a defendant to preserve the right
to appeal the court's decision denying a motion to dis-
miss, there must be some indication on the record that
the plea of nolo contendere was entered conditional
upon this right.[6]

---

[6] Unlike the federal rule which provides that the reserved issues must
be in writing and that consent of the prosecutor as well as the approval
of the court are necessary to enter a conditional plea; Fed. R. Crim. P.
11 (a) (2); General Statutes § 54-94a does not require that a conditional plea
be in writing. Although Practice Book § 709 requires that a plea of nolo
contendere must be in writing and signed by the defendant, there was no
corresponding requirement at the time the defendant entered her plea, that,
if the plea is entered pursuant to § 54-94a, it must be noted on the written
plea. Subsequently, the Practice Book has been amended to include § 4003,
which states: "APPEALS OF RULINGS ON MOTIONS TO DISMISS OR SUPPRESS
FOLLOWING JUDGMENTS ENTERED UPON CONDITIONAL PLEAS OF NOLO CON-
TENDERE

"(a) When a defendant, prior to the commencement of trial, enters a plea
of nolo contendere conditional on the right to take an appeal from the court's
denial of the defendant's motion to suppress evidence based on an unrea-
sonable search or seizure or motion to dismiss, the defendant after the impo-
sition of sentence may file an appeal within the time prescribed by law.
The issue to be considered in such appeal shall be limited to whether it was
proper for the court to have denied the motion to suppress or the motion
to dismiss. A plea of nolo contendere by a defendant under this section shall
not constitute a waiver by the defendant of nonjurisdictional defects in the
criminal prosecution. The court shall not accept a nolo contendere plea pur-
suant to this subsection where the denial of the motion to suppress would
not have a significant impact upon the disposition of the case in the trial
court. The court shall also decline to accept such a nolo contendere plea

The defendant contends that although not expressly stated, the plea was entered pursuant to § 54-94a. She claims that, pursuant to an agreement reached in chambers, the trial court encouraged the procedure and understood that the plea was to be conditional. To support her claim, the defendant relies on several occurrences documented in the record. First, on March 16, 1984, during discussions clarifying the defendant's motion to dismiss the information, the trial court indicated that if her motion to dismiss were denied, the next step would be to enter a nolo contendere plea pursuant to General Statutes § 54-94a.[7] Second, prior to arguments on the motion, the parties entered into a stipulation setting forth the facts underlying the persistent larceny offender charge. Finally, during the court's canvass after the defendant had entered her plea of nolo contendere, the court stated that the defendant was waiving her right to trial on what was basically a legal issue and, that her plea had the same

where the record available for review of the denial of the motion to suppress or motion to dismiss is inadequate for appellate review of the court's determination thereof.

"(b) With the approval of the court, after a hearing to consider any objections thereto, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any motion made prior to the close of evidence, which motion must be specified in such written reservation. If the defendant prevails on appeal, the judgment shall be set aside and the defendant shall be allowed to withdraw his plea after the case has been remanded to the trial court. The court shall not accept a plea of guilty or nolo contendere pursuant to this subsection where the adverse determination of the specified motion would not have a significant impact on the disposition of the case in the trial court. The court shall also decline to accept such a nolo contendere or guilty plea where the record available for review of the ruling upon the specified motion is inadequate for appellate review of the court's determination thereof."

[7] "The Court: Okay. Now if I decide [the motion to dismiss] adversely to the Defendant, then the next step will be either for, on your advice, for her to enter her nolo plea under that '82 Statute so that we could proceed.

"Mr. Giedraitis: Yes, your Honor."

legal result as being found guilty after standing trial.[8] Therefore, according to the defendant, it was clear from the record that she had entered a plea of nolo contendere conditioned on her right to appeal the trial court's decision.

We cannot agree with this analysis. A case must be decided on the formal record and a court cannot resort to matters extraneous to the record in making its determination. *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 560, 489 A.2d 1022 (1985). In the present case, there is no indication on the record that an agreement had been reached in chambers. Additionally, the defendant did not indicate that the plea was conditional when she entered the plea, and there was no mention during the subsequent canvass that the plea was conditional. Furthermore, the written plea, entered in accordance with Practice Book § 709,[9] did not indicate that the plea was entered pursuant to General Statutes § 54-94a. The only reference on the record to the statute or to the possibility of entering a conditional plea was made by the court on March 16, 1984, four days before the plea was entered. There was no other mention of the statute or of the plea being conditional.

Moreover, the trial court's reference to the plea having the same legal result as standing trial and being found guilty does not support the defendant's claim that

---

[8] "The Court: Okay. And you're not asking for a trial on what is basically a legal issue . . . . [A nolo contendere plea has] got the same legal result as if you had gone through a trial and [been] found guilty, do you understand that?

"The Defendant: Yes."

[9] "[Practice Book] Sec. 709. ——ENTERING

"In the discretion of the judicial authority, the defendant may enter a plea of guilty or nolo contendere to the indictment, information, or complaint when he is arraigned. At any later time he also may enter any such plea. A plea of nolo contendere shall be in writing, shall be signed by the defendant, and, when accepted by the judicial authority, shall be followed by a finding of guilty." See footnote 6, supra.

the trial court understood the plea to be conditional upon her right to appeal. In the context of the entire canvass, it appears that the court was advising the defendant as to the nature of nolo contendere pleas in general and not advising her that she was reserving her right to appeal its ruling.[10]

There is simply no indication on the record that the plea was entered pursuant to General Statutes § 54-94a. Although it is possible that there might have been some implicit understanding reached between the defendant and the court because of a conversation that took place in chambers, this case, nonetheless, must be decided on the record as presented. *Hasbrouck* v. *Hasbrouck,* supra; see *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129 (1943).[11] It is not for an appellate court to speculate whether a plea was entered conditional upon the right to appeal.

---

[10] "The Court: Okay. Miss Gilnite, now you understand that your plea of nolo contendere is not requiring you to say yes that's true on a persistent larceny offender, or I'm guilty, but you're just saying I am not going to contest it, do you understand that?

"The Defendant: Yes.

"The Court: Okay. And you're not asking for a trial on what is basically a legal issue. But you do understand that on a nolo contendere plea, since you're not putting up a fight, it permits the Court, if I'm satisfied that you understand what you're doing, to enter a finding of guilty, just as if you had said yes, that's right, I'm a persistent larceny offender. Do you understand that? It's got the same legal result as if you had gone through a trial and [been] found guilty, do you understand that?

"The Defendant: Yes.

"The Court: Nolo means I'm not putting up a fight, that's all it means. You understand that? I just want to make sure you clearly understand that.

"The Defendant: Yes. Yes."

[11] Recently the Appellate Court has undertaken appellate review of cases involving the entry of pleas of guilty and nolo contendere, despite the absence of an affirmative showing on the record that the pleas were entered pursuant to General Statutes § 54-94a. *State* v. *Haynes,* 8 Conn. App. 361, 513 A.2d 160 (1986); *State* v. *Van Der Werff,* 8 Conn. App. 330, 513 A.2d 154, cert. denied, 201 Conn. 808, 515 A.2d 380 (1986). In *State* v. *Van Der Werff,* supra, 331 n.1, the court noted that although the defendant's written plea of nolo contendere did not indicate that it was made pursuant to

Therefore, because the defendant's plea was not entered pursuant to General Statutes § 54-94a, nor is there any indication that her plea expressly preserved her right to appeal, the Appellate Court did not err in concluding that the defendant waived her right to appeal the trial court's decision.[12]

## III

The defendant also claims that, if her plea was not conditioned upon her right to appeal the trial court's denial of her motion to dismiss, her plea was not made knowingly, intelligently and voluntarily. Specifically, the defendant contends that unless her "right of appeal survived her nolo contendere plea, her plea was not intelligently and voluntarily entered because instead of having a full understanding of what her plea connoted and what consequences flowed therefrom, she would have completely misunderstood the consequences of her plea."[13] We disagree.

General Statutes § 54-94a, the parties treated the plea as conditional, and the court would review it as such. Likewise, in *State* v. *Haynes*, supra, 362 n.1, 363 n.2, neither the parties nor the court mentioned § 54-94a during the entry of the defendant's guilty plea, but the defendant, the state and the court all assumed the guilty plea preserved the defendant's right to appeal and the record provided a basis for the conclusion that the defendant did not intend to waive appellate review. Therefore the court reviewed the merits of the defendant's claim.

Both *Haynes* and *Van Der Werff* are distinguishable, however, from the present case in that the record of this case does not support the conclusion that the defendant preserved her right to appellate review.

[12] Because we find that the Appellate Court did not err in holding that the defendant waived her right to appeal by pleading nolo contendere, we need not address the defendant's claim that the trial court erred in denying her motion to dismiss the persistent larceny offender charge against her.

[13] This issue was neither raised at the trial level nor addressed by the Appellate Court. Although in appeals from the Appellate Court we normally review only the actions of that court and do not hear the appeal de novo; *Petrowski* v. *Norwich Free Academy*, 199 Conn. 231, 234, 506 A.2d 139 (1986); *State* v. *Torrence*, 196 Conn. 430, 433, 493 A.2d 865 (1985); we may, under extraordinary circumstances, review and resolve issues not addressed by the Appellate Court. *State* v. *Torrence*, supra, 434 n.5; see

A plea of guilty or nolo contendere involves the waiver of several fundamental constitutional rights[14] and therefore must be knowingly and voluntarily entered so as not to violate due process. *Boykin* v. *Alabama,* supra, 243; *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Badgett,* supra, 417, 418; *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983); *State* v. *Godek,* supra, 356–57. These constitutional "considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences." *State* v. *Childree,* supra, 120; see *Boykin* v. *Alabama,* supra, 243–44. Under our rules of practice, "a trial judge must not accept a plea of nolo contendere without first addressing the defendant personally and determining that the plea is voluntarily made under Practice Book § 712[15] and that the defend-

---

Practice Book § 4187. Because claims implicating the voluntary and intelligent nature of a plea are reviewable under the "exceptional circumstances" doctrine of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); see, e.g., *State* v. *Badgett,* 200 Conn. 412, 417–18, 512 A.2d 160; *State* v. *Amarillo,* 198 Conn. 285, 313 n.16, 503 A.2d 146 (1986); *State* v. *Godek,* 182 Conn. 353, 356, 438 A.2d 114 (1980); we will review the defendant's claim.

[14] The United States Supreme Court observed that "[s]everal federal constitutional rights are involved in a waiver . . . when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth [Amendment]. . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers." *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Godek,* 182 Conn. 353, 360 n.7, 438 A.2d 114 (1980).

[15] "[Practice Book] Sec. 712. ———INSURING THAT THE PLEA IS VOLUNTARY

"The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

ant fully understands the items enumerated in Practice Book § 711.[16] *State* v. *Godek,* [supra, 357]; *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976); *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332 (1971)." *State* v. *Martin,* supra, 22–23.

Thus, for a plea to be valid, the record must affirmatively disclose that the defendant understands the nature of the charge upon which the plea is entered; *Henderson* v. *Morgan,* 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); Practice Book § 711 (1); the mandatory minimum sentence, if any; Practice Book § 711 (2); the fact that a statute does not permit the sentence to be suspended; Practice Book § 711 (3); the maximum possible sentence; Practice Book § 711 (4); *D'Amico* v. *Manson,* 193 Conn. 144, 155 n.9, 476 A.2d 543 (1984); *State* v. *Childree,* supra, 126; and that the defendant has the right to plead not guilty or to persist in that plea if already made, the right to a trial by a jury or judge, the right to assistance of counsel, the right to confront the defendant's accusers and the right against compelled self-incrimination. *Boykin* v. *Alabama,* supra, 242–44; Practice Book § 711 (5); *State* v. *Badgett,* supra 418–20, 420–21 n.7. The record must further disclose that the plea is voluntary and not the result of threats or promises. Practice Book § 712.

---

[16] "[Practice Book] Sec. 711. ———ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

In the present case, the defendant does not claim that she was not informed of her constitutional right to confront her accusers, her right to a trial by jury, or her privilege against self-incrimination. Nor does she contend that the trial court failed to canvass her adequately in accordance with the strictures of Practice Book §§ 711 and 712. Rather, the defendant contends that she did not understand that she did not have the right to appeal the trial court's ruling, and as such, she did not understand the consequences of her plea.

As we have stated, for a plea to be knowing and intelligent, the record must show that the federal constitutional standards were satisfied; *State* v. *Badgett,* supra 418; and that there was substantial compliance with Practice Book § 711. *State* v. *Godek,* supra, 360. There is no requirement, however, that the defendant be advised of every possible consequence of such a plea.[17] *Hornak* v. *Warden,* 40 Conn. Sup. 238, 239, 488 A.2d 850 (1985); cf. *United States* v. *Sherman,* 474 F.2d 303, 305 (9th Cir. 1973). Except for those inquiries either constitutionally mandated or required by our rules, the court is not obliged to assume the role of the defendant's counselor. *State* v. *Eason,* 192 Conn. 37, 45, 470 A.2d 688 (1984); *State* v. *Torres,* 182 Conn. 176, 184, 438 A.2d 46 (1980). It is therefore not necessary for the trial court to canvass the defendant to determine

---

[17] Although a defendant must be aware of the direct consequences of a plea, the scope of "direct consequences" is very narrow. J. Bond, Plea Bargaining and the Guilty Plea (2d Ed.) § 3.38. In Connecticut, the direct consequences of a defendant's plea include only the mandatory minimum and maximum possible sentences; Practice Book § 711 (2) and (4); the maximum possible consecutive sentence; Practice Book § 711 (4); the possibility of additional punishment imposed because of previous conviction(s); Practice Book § 711 (4); and the fact that the particular offense does not permit a sentence to be suspended. Practice Book § 711 (3); cf. J. Bond, supra. The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. See *Hornak* v. *Warden,* 40 Conn. Sup. 238, 239, 488 A.2d 850 (1985).

that she understands that her plea of guilty or nolo contendere operates as a waiver of any challenge to pretrial proceedings.[18] See J. Bond, supra, § 3.50 ("trial judge who accepts a guilty plea need not advise the defendant that he thereby waives his right to appeal a non-jurisdictional error such as a denial of his motion to suppress evidence"). Moreover, the record fails to indicate that the defendant had any belief that her nolo contendere plea was conditioned upon her right to appeal the denial of her motion to dismiss. See part II, supra.

Therefore, the defendant's claim that her plea was not knowing and voluntary because she mistakenly believed that it was predicated upon her right to appeal is without merit.

We affirm the judgment of the Appellate Court.

In this opinion the other justices concurred.

---

[18] This case is distinguishable from *Barlow* v. *Lopes,* 201 Conn. 103, 513 A.2d 132 (1986). In *Barlow,* the petitioner, after a jury trial, was found guilty of second degree assault. Prior to sentencing, he entered a plea of guilty to two unrelated charges, and in accordance with the plea agreement, expressly waived his right to appeal the assault conviction. The trial court acknowledged this waiver, accepted his plea, and sentenced him according to the plea agreement. We held that in order for the waiver of such a right to be valid, the record must disclose that the petitioner knowingly, intelligently and affirmatively waived the right, with full awareness of the right, the possible merits of the appeal, and the consequences of the abandonment of that right. Id., 109–10; see *Stanton* v. *Warden,* 175 Conn. 328, 398 A.2d 1176 (1978). In this case, the defendant did not withdraw or waive her appeal of an existing, unrelated conviction. We thus find *Barlow* inapposite to our decision.