[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition of habeas corpus in which the petitioner claims he is illegally confined for the following reasons:
1. Petitioner's plea was taken despite his statement to the Court that he was under the influence of medication.
2. Petitioner's plea was taken under conditions which do not constitute knowing and intelligent waiver of his constitutional rights.
Although this matter could probably be dismissed for failure to allege and prove that he did not deliberately bypass the orderly process of direct appeal, Nardini v. Manson, 207 Conn. 118, 123 (1988). This Court feels it should decide the claim on the merits.
 Before he can enter a valid guilty plea, defendant must be fully aware of the direct consequences of his plea. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747
(1970); Sherbo v. Manson, 21 Conn. App. 172, 181, CT Page 2342 572 A.2d 378 (1990). To ensure compliance with this constitutional mandate, Practice Book Section 711 requires that the trial court personally address the defendant and determine that he fully understands the nature of the charge against him. The court must also advise him of (1) the mandatory minimum sentence, (2) the maximum possible sentence, and (3) the fact that he has the right to plead not guilty, the right to be tried by jury, the right to confront and cross-examine witnesses, and the right against self-incrimination. The court must also ensure that the plea is voluntary and is not the result of force or threats. Practice Book Section 712.
 The scope of "direct consequences" is narrow and is limited to those consequences enumerated in Practice Book Section 711. State v. Gilnite, 202 Conn. 369, 383, 521 A.2d 547 (1987); Sherbo v. Manson, supra, 181. There is no requirement that the defendant be advised of every possible consequence of such a plea. State v. Gilnite, supra; Sherbo v. Manson, supra.
A thorough review of the canvass transcript (Respondent's Exhibit 1) clearly shows that the trial court conducted the canvass of the plea in conformity with Practice Book Sections 711 and 712.
The petitioner's medical expert testified that the medications taken by the petitioner would have if anything enhanced his ability to comprehend the canvass and the court proceedings.
Further, the petitioner's attorney who spent considerable time with him on the date of the plea felt he had a clear mind.
This Court is completely satisfied that the plea was voluntary and understandingly made with the assistance of competent counsel.
Dunn, J.