[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is before the court on a Writ of Habeas Corpus in which the petitioner alleges that he is being illegally confined as the result of being deprived of the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States. Specifically, the petitioner claims that: (a) his trial attorney did not advise him that conviction would result in his deportation from the United States; (2) his attorney was unable to conduct an adequate factual investigation prior to trial; (3) his attorney did not adequately advise the petitioner on his decision to plead guilty versus going to trial.[1]
A hearing on the petitioner's Writ of Habeas Corpus was held on March 12, 1999. It was noted on the record that the court file contained certified copies of the transcripts of the defendant's January 30, 1997 pleas, the court canvass of the pleas, as well as the February 18, 1997 sentencing of the petitioner. Additionally, two exhibits were entered into evidence relating to the actions of the Department of Immigration and Naturalization. Testimony was presented by the petitioner, Nelson Ferreira, and Attorney Robert Burke, the petitioner's public defender at the time the pleas were entered.
The court record indicates that on January 30, 1997, in the GA 2 court in Bridgeport, the petitioner entered pleas of guilty to charges of Possession of Narcotics With the Intent to Sell,21a-277(a); three counts of Failure to Appear in the Second Degree, 53a-173; and one count of Operating a Motor Vehicle While Under Suspension, 14-215. The defendant's guilty pleas, which CT Page 4953 were entered pursuant to a plea and sentencing agreement, were canvassed by the court (B. Kaplan, J.). During the course of that canvass the defendant was advised of the immigration/deportation consequences of his conviction pursuant to § 54-1j of the Connecticut Statutes. Mr. Ferreira was specifically asked by the court whether he understood those consequences and he responded "yes." The defendant's pleas were accepted by the court and findings of guilty were entered. The case was continued for two weeks until February 18, 1997, at which time the petitioner was sentenced to a total effective sentence of two years in the custody of the Commissioner of Correction in accordance with the plea and sentencing agreement entered into by the parties. The petitioner does not claim that there was any defect in the canvass of the defendant's pleas by the court.
While incarcerated for the above convictions the defendant was notified that the United States Department of Immigration and Naturalization would seek to have him deported to Portugal because of his conviction for Possession of Narcotics with Intent to Sell. A subsequent hearing before the Department of Immigration and Naturalization resulted in an order of deportation which was stayed pending his appeal of that decision.
Attorney Burke testified that he has been a public defender for seven years and that he represents approximately 1,800 defendants per year. He testified that before any of his clients enters a guilty plea it is his standard policy to prepare the client for the plea canvass to be conducted by the court. As part of this preparation he advises each of his clients that the judge will advise them that their conviction could result in their deportation from the United States. While Burke does not specifically recall representing Mr. Ferreira or of advising him of this possible consequence of his plea, it is his standard practice to include this warning to all clients entering a guilty plea. The court finds this testimony to be credible and further finds it more likely than not that the public defender did advise the defendant of the possible deportation consequences of his plea.
Mr. Ferreira testified that he has no recollection of either the court or the public defender advising him that by pleading guilty he could be deported. Even after reading a transcript of the proceeding at which he entered his guilty pleas the petitioner testified that he did not recall the judge telling him of the possible consequences of the pleas nor did he recall CT Page 4954 telling the judge that he understood that he could be deported. He testified that he would not have pleaded guilty if he knew that by doing so he was subject to being deported. The court finds this testimony to be less than credible. At no time during the canvass of his pleas nor during the two-week delay of sentencing did the defendant raise any issue concerning deportation nor seek to withdraw his guilty pleas.
A defendant is not required to be advised of all possible consequences of a plea of guilty or nolo contendere. He must only be advised of the direct consequences resulting from such a plea.State v. Gilnite, 202 Conn. 369, 383, 521 A.2d 547 (1987). Our Supreme Court addressed the issue of direct and non-direct or collateral consequences in State v. Smith, 207 Conn. 152, 169-161
(1988). "The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." (Citations omitted).
While the misrepresentation of counsel regarding deportation may constitute ineffective assistance of counsel, failure to warn a client that his guilty plea may or will result in deportation has been deemed not to constitute ineffective assistance of counsel. United States v. Mora-Gomez, 875 F. Sup. 120
(E.D.Va. 1995); Chukwurah v. United States, 813 F. Sup. 161
(E.D.N.Y. 1993). In this case there is no evidence to support the assertion that the defendant was "grossly misadvised as to the consequences of his plea" as argued in the petitioner's post trial brief.
Whether or not deportation is "automatic" and "non-discretionary" upon proof of a conviction of possession of narcotics with intent to sell as alleged, but not proven, by the petitioner, the fact of the matter is that deportation proceedings brought by the Department of Immigration and Naturalization are separate from and collateral to any punishment imposed by the trial court for a conviction of such an offense. Indeed, the Federal Courts have consistently ruled that deportation is a collateral consequence of the criminal process and that an attorney's failure to advise a client that deportation is a possible consequence of a guilty plea does not constitute ineffective assistance of counsel. See: United Statesv. Banda, 1 F.3d 354, 356 (5th Cir. 1993); Varela v. Kaiser,976 F.2d 1357 (10th Cir. 1992). CT Page 4955
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsels performance was substandard and that there exists a reasonable probability that, but for counsels deficiencies, the outcome of the proceedings would have been different.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorneys representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425 (1991). At the habeas hearing neither party introduced expert testimony, nor any testimony for that matter, regarding the professional standards applicable to the issues put forth in the petition. The petitioner's mere allegations do not constitute proof that counsels performance in representing the defendant was substandard. The court finds that the petitioner has not satisfied his burden as to the first prong of the Strickland test.
As to the second prong of the Strickland test, it is clear and undisputed that even if the defendant had not been advised by his attorney of the possible deportation consequences of his guilty pleas he was in fact advised of this possibility by the court during its canvass of his pleas. Thus, the court finds that the petitioner has not proven by a fair preponderance of the evidence that he was prejudiced by any alleged deficiency of his attorney concerning possible deportation consequences of his pleas as he was fully advised of those possible consequences by the court.
For all of the reasons stated herein, the petition is dismissed.
Terence A. Sullivan Superior Court Judge