[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT 
The petitioner's amended petition for habeas corpus, which now encompasses two counts,[1] alleges that: 1) court-appointed counsel rendered ineffective assistance of counsel by failing to properly advise the petitioner about his guilty plea and misinforming him as to the consecutive sentence in this matter being calculated relative to a previously-imposed sentence; and 2) that the petitioner's due process rights were violated in that the trial court misinformed the petitioner as to the manner in which the consecutive sentence in this matter would be calculated relative to a previously-imposed sentence, said error CT Page 7169 inducing the petitioner to enter into the plea agreement, and that "the trial court had an obligation to ensure that the petitioner was fully and accurately informed as to the manner in which the consecutive" sentence in this matter would be calculated relative to a previously-sentence. Am. Pet., at 1-3.
The respondent filed a motion for summary judgment under Practice Book § 23-37 as to counts one and two of the amended petition claiming that "the petitioner has failed to state any claims for which relief can be granted." Mot. for Summ. J., at 1. Specifically, the respondent argues as to count one that the petitioner cannot raise an ineffective assistance of counsel claim because he represented himself during the underlying criminal matter. As to count two, the respondent argues that the petitioner is procedurally defaulted and, in the alternative, that as a matter of law the petitioner cannot prevail on the claim raised in count two. Mem. of Law, at 2-5.
"[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Miller v. United Technologies Corp., 233 Conn. 732,752, 660 A.2d 810 (1995). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred."United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378,260 A.2d 596 (1969). "Although the party seeking summary judgment has the burden of showing the nonexistence of material fact, . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such a dispute issue." Maffuci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554-5, 707 A.2d 15 (1998).
The transcript of the change of plea and sentencing, which is attached to the respondent's memorandum of law in support of the motion for summary judgment, demonstrates that the petitioner was pro se throughout the entire underlying criminal matter at issue in the petition. Tr. (Jan. 14, 1998), at 2. The sentencing court (Kaplan, J.) thoroughly canvassed the petitioner during the change of plea regarding his desire to represent himself and act as his own attorney. Id., at 2-3 and 16. Additionally, the petitioner acknowledged in an objection to a motion to dismiss that he was not represented by counsel. Obj. to Mot. to Dismiss (June 3, 1999). A claim that counsel was ineffective, when in fact there was no counsel, is clearly frivolous, for upon deciding to proceed pro se, there is no right to effective assistance of counsel. State v.Oliphant, 47 Conn. App. 271, 281, 702 A.2d 1206 (1997), cert. denied, CT Page 7170244 Conn. 904, 714 A.2d 3 (1998). Viewing the evidence in the light most favorable to the petitioner, this Court finds that no other conclusion can reasonably be reached, and accordingly grants the motion for summary judgment as to count one.
The petitioner's second count alleges that the trial court had an obligation to ensure that the petitioner was fully and accurately informed as to the manner in which the consecutive sentence in this matter would be calculated relative to a previously-imposed sentence, that the trial court misinformed the petitioner as to the manner in which the consecutive sentence in this matter would be calculated relative to the previously-imposed sentence, and that said error induced the petitioner to enter into the plea agreement. The respondent argues that the petitioner is procedurally defaulted and, in the alternative, that as a matter of law the petitioner cannot prevail on the claim raised in count two. Because this Court concludes that the alternative ground is dispositive of the motion for summary judgment, it will only address the respondent's claim that as a matter of law, the petitioner cannot prevail on the claims in count two.
"Although a defendant must be aware of the direct consequences of a plea, the scope of `direct consequences' is very narrow. . . . The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. . . . Thus, a valid guilty plea requires that a defendant know the nature of the charge, the minimum and maximum sentence, any statutory preclusion of a suspended sentence and the right to proceed with trial." State v. Gilnite, 202 Conn. 369, 384 n. 17,521 A.2d 547 (1987). "A defendant must be aware of all direct consequences of his plea. Direct consequences have definite, immediate and largely automatic effects on the range of a defendant's punishment. There is no requirement, however, that the defendant be advised of every possible consequence of such a plea." (Internal citations omitted.) Falbyv. Commissioner of Correction, 32 Conn. App. 438, 445, 629 A.2d 1154, cert. denied, 227 Conn. 927, 632 A.2d 703 (1993).
A review of the plea transcript shows that the sentencing court properly canvassed the petitioner at the change of plea. Additionally, the sentencing court questioned the petitioner whether "any threats or promises [had] been made to make [the petitioner] plead guilty other than the recommended sentence which is a total effective sentence of four years consecutive to [the petitioner's] present sentences now imposed and being served?" Tr. (Jan. 14, 1998), at 13. After the petitioner's response in the negative, the sentencing court asked the petitioner whether he understood "that if [the sentencing court] impose[d] the four year sentence, it will start after your other sentences are completed. It CT Page 7171 won't run together. Do you understand that?" Id., at 14. The petitioner responded in the affirmative. Id. During the imposition of the sentence, the sentencing court advised the petitioner that the "sentences will be served consecutively to any and all sentences [the petitioner] now [has] imposed or [is] serving, even if [the petitioner hasn't] started serving them yet if they've already been imposed." Id., at 17.
Based upon the foregoing, this Court finds that when the evidence is viewed in the light most favorable to the petitioner, no other conclusion can reasonably be reached than that the claims in court two are wholly without merit. Accordingly, the motion for summary judgment as to count two is also granted. There being no remaining counts in the amended petition, the petition for habeas corpus is dismissed.
GRAZIANI, JUDGE