[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from judgments of conviction, on November 2, 1992, after guilty pleas to assault in the first degree in violation of General Statutes § 53a-59(a)(3), assault in the second degree in violation of General Statutes § 53a-60(a)(2), and possession of more than one kilo of marijuana in violation of General Statutes § 21a-278(b), for which the petitioner received terms of incarceration totalling seventeen (17) years.
The amended habeas petition contains five counts, however, the petitioner has abandoned counts two, four and five. The first count claims that the petitioner's imprisonment is unlawful because his plea and subsequent judgment was procured in CT Page 1412-EEE violation of his state and federal constitutional rights to the effective assistance of counsel; specifically, that he was not informed of the immigration consequences of his guilty plea and judgment of conviction. The third count claims that the petitioner's imprisonment is illegal because his conviction and subsequent judgment based upon his plea was procured in violation of his state and federal constitutional rights to counsel of his choice.
From the evidence presented at the habeas trial, the court finds the following facts. The petitioner is a citizen of Jamaica who entered the United States as a visitor in 1985, thereafter becoming a permanent resident in 1986. His parents and six of his siblings live in the United States. On January 24, 1991, the petitioner was arrested and charged with assault in the first degree in violation of General Statutes § 53a-59(a)(3), and assault in the second degree in violation of § 53a-60(a)(2), and other charges, arising out of a shooting in Hartford on September 21, 1990. The petitioner hired Attorney Louis T. Savino, a Pennsylvania lawyer, to represent him. Attorney Savino made arrangements to retain Attorney Gerald M. Klein, a Connecticut lawyer, to assist in the petitioner's defense. On January 25, 1991, Attorney Klein's oral motion to admit Attorney Savino pro hac vice was granted by Judge Miano; the petitioner was arraigned, bond was set and the case was transferred to Part A. On February 5, 1991, the petitioner was arraigned in Part A with the assistance of Attorney Klein.
On February 27, 1991, during a pretrial conference, Attorney Klein's written motion to admit Attorney Savino pro hac vice was granted by Judge Damiani, with the court reserving the right to rescind said appointment. On March 21, 1991, the case was again pretried by Attorneys Klein and Savino, the state's attorney and Judge Damiani; an offer of eighteen (18) years was rejected and the case was placed on the trial list. On March 22, 1991, Attorney Klein filed certain motions, including a motion for disclosure, production and inspection, a motion for bill of particulars and a motion to obtain non-testimonial evidence. Shortly thereafter, Attorney Klein employed an investigator to interview witnesses and gather information in anticipation of the trial of the petitioner's assault case. A meeting between the petitioner and both of his attorneys took place in Pennsylvania in May, 1991. From May, 1991 to July, 1992, the petitioner met with Attorney Savino on other occasions in Pennsylvania. Numerous phone conversations were had during this period between and among CT Page 1412-FFF the petitioner, his attorneys and family members.
On July 10, 1992, the petitioner was arrested on several charges, including possession of more than one kilo of marijuana in violation of General Statutes § 21a-278(b). The petitioner retained only Attorney Klein to represent him on the new charges. The petitioner was arraigned on July 13, 1992, bond was set and the case was transferred to Part A, Hartford, for appearance; on August 11, 1992. Additional pretrials involving both cases were had with the state and Judge Damiani, on September 3, 1992, October 6, 1992, and October 20, 1992. On October 20, 1992, Judge Damiani ordered jury selection to begin on the assault file on November 2, 1992; Attorney Klein so advised Attorney Savino by letter that day. On October 29, 1992, Attorney Savino notified Judge Damiani by fax that he was unable to appear in Connecticut on November 2, 1992, and he asked for a continuance to no specific date.
On November 2, 1992, the petitioner appeared with Attorney Klein and sought a continuance because of Attorney Savino's unavailability. Judge Damiani denied the continuance and ordered jury selection to commence that day and the next. There would then be a break in the proceedings until November 16, 1992, when jury selection would resume or evidence commenced. Attorney Savino's appearance was stricken and permission to appear pro hacvice was revoked. Following these orders, Judge Damiani advised the petitioner and Attorney Klein that if Attorney Savino appeared on November 16, 1992, and was ready to proceed with the case, the pro hac vice appearance would be reconsidered. Following a recess, the petitioner entered pleas on both files, and sentencing was scheduled for January 8, 1993.
On January 8, 1993, Attorneys Savino and Klein were present in court for the sentencing, but Savino left prior to the petitioner's late arrival; bond was increased and the petitioner was incarcerated. The sentencing was rescheduled to January 27, 1993, and then to February 5, 1993, but Attorney Savino was unavailable on both dates. A final continuance was granted to March 5, 1993, when Attorneys Klein and Savino represented the petitioner at his sentencing hearing before Judge Damiani. Attorney Savino spoke, as did the petitioner and his mother. The petitioner was sentenced to one year less than his maximum exposure under the plea agreement, effectively seventeen years to serve. CT Page 1412-GGG
In this habeas case, the petitioner first claims that he was denied his constitutional right to counsel of choice when Judge Damiani refused Attorney Savino's request for a continuance on November 2, 1992, thereafter, revoking his pro hac vice
appearance. The petitioner claims that he was left with two choices: go to trial with Attorney Klein, whom the petitioner alleges he never considered his trial attorney; or, enter pleas in both files.
In support of his claim that he is entitled to habeas relief, the petitioner relies on State v. Hamilton, 228 Conn. 234 (1994). In Hamilton, our Supreme Court provided considerable guidance for determining whether the denial of a continuance interferes with a defendant's right to counsel of his/her choice. This court believes, however, that Hamilton is distinguishable from the instant matter: in the former, the defendant appealed his conviction following trial; here, the petitioner seeks habeas relief following his guilty pleas.
A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973);State v. Gilnite, 202 Conn. 369, 374-375 (1987).
There is nothing in the record which impeaches the plea here made or which suggests that the admissions of the petitioner in open court were anything but the truth. The focus of a habeas inquiry where there has been a guilty plea is the nature of the advice of counsel and the voluntariness of the plea, not the existence of a purported antecedent constitutional infirmity. SeeBuckley v. Warden, 177 Conn. 538, 542-543 (1979).
In this regard, the petitioner's sole complaint involves Attorney Klein's advice regarding possible immigration consequences from a plea of guilty. Klein testified at the habeas hearing that he was aware that the petitioner was not a citizen and advised him that a guilty plea could have immigration consequences. He told the petitioner that in his experience, the government was inconsistent and arbitrary as to who they choose to deport or not deport. Klein further testified that the CT Page 1412-HHH immigration issue was collateral to his and the petitioner's main focus, which was to limit the many years the petitioner was expected to be incarcerated. There is no dispute that Judge Damiani informed the petitioner of the immigration consequences of a guilty plea prior to accepting the plea, as required by General Statutes § 54-1j; nor is there disagreement that the court properly canvassed the petitioner in accordance with Practice Book §§ 711 and 712.
For a plea to be knowing and intelligent, the record must show that the federal constitutional standards were satisfied, and that there was substantial compliance with Practice Book § 711. See State v. Gilnite, supra, 383. The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. See Hornak v. Warden,40 Conn. Sup. 238, 239 (1985).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation. Id. At the habeas hearing neither party introduced expert testimony regarding any professional standards or norms applicable to the issues put forth in the amended petition, except for Klein, the trial attorney whose representation is under scrutiny in this case.
As noted above, Klein testified at the habeas hearing that he had discussions with the petitioner regarding the immigration consequences of a guilty plea. The petitioner also testified at the habeas hearing. His recollection of these events varied from CT Page 1412-III Klein's version. Credibility is for the trier-of-fact to determine. The court finds Klein's testimony on these issues to be consistent and credible. On the other hand, the court finds the petitioner's testimony to be improbable, inconsistent with other credible evidence in the case, and self-serving as to the issues of his discussions with Klein.
Having accepted Klein's version as to these matters, the court finds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Klein's representation of the petitioner was deficient in the ways alleged in the amended complaint.
For all of the reasons stated herein, the petition is dismissed
Martin, J., J.